UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONTAVIOUS TAY SMITH,

Plaintiff,

v. Case No. 6:17-cv-424-Orl37TBS

ORANGE LAKE COUNTRY CLUB INC.; and ORANGE LAKE COUNTRY CLUB REALTY INC,

Defendants.

---

ORDER

This cause is before the Court on its own motion.

On March 8, 2017, Defendants removed the instant action to this Court on the basis of federal question jurisdiction, despite the fact that the Complaint (Doc. 2) asserted only state law claims. (*See* Doc. 1 ("**Notice**").) Upon review, the Court determined that it lacked subject matter jurisdiction and ordered Defendants to show cause why: (1) this matter should not be remanded; and (2) sanctions should not be imposed for Defendants' bad-faith removal. (Doc. 9 ("**Show Cause Order**").) Defendants timely responded to the Show Cause Order and stipulate that the case should be remanded. (Doc. 10.)

As to the matter of sanctions, Defendants admit that the Complaint's single reference to a federal venue statute does not confer subject matter jurisdiction on the Court. (Doc. 1, ¶ 4.) Nevertheless, Defendants contend that sanctions are unwarranted because they acted in good faith. (*See id.* at ¶ 5.) Indeed, according to Defendants, they

were hopeful that the Court would help them eschew a frivolous lawsuit by Plaintiff, who is notorious for filing such actions.[1] (Doc. 10, ¶¶ 3–4.) But "hope" alone is no more a basis for removal than the federal venue statute and, contrary to Defendants' sophistry, the impropriety of their removal is not debatable. Exercising federal jurisdiction where it does not exist is hardly the correct response to the frustration of dealing with a serial filer. To "overlook" the absence of subject matter jurisdiction and repay an abuse of the judicial system with an abuse of power by the Court flouts the Constitution judicial officers have sworn to uphold. Hence the Court declines the invitation to commit reversible error by assuming jurisdiction that it does not have. Counsel is forewarned that future attempts at baseless removal will result in severe sanctions.

Accordingly, the Clerk is **DIRECTED** to **REMAND** this action to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida and to close the case.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 23, 2017.




Copies to:

Counsel of Record

[1] *See* Case No. 6:15-cv-527-Orl-37KRS, Doc. 17.

*Pro Se* Party

The Circuit Court of the Eighteenth Judicial Circuit
in and for Brevard County, Florida